# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Dominique DiVito ("DiVito") and Guerrero Howe Custom Media ("Guerrero Howe") and Pedro Guerrero (together "Guerrero Howe" and "Pedro Guerrero" are referred to as "Defendants," and DiVito and Defendants are referred to as the "Parties") enter into this Settlement Agreement and Release (the "Agreement") to voluntarily agree to completely settle and resolve claims Plaintiff may have against Defendants and Defendants may have against Plaintiff as specified below.

WHEREAS, on December 2, 2016, Plaintiff filed a complaint against Defendants in the U.S. District Court for the Northern District of Illinois, Case No. 16 C 11047, alleging violations of the Fair Labor Standards Act and Illinois Minimum Wage Law (the "Lawsuit");

WHEREAS, the Parties want to avoid further controversy, litigation, costs, legal fees and inconvenience and enter this Agreement (the "Agreement") to resolve all claims, including attorneys' fees, against Defendants as specified herein; and

NOW, THEREFORE, for and in consideration of the provisions, covenants and mutual promises contained herein, the Parties hereby agree as follows:

1. **No Class Action.**

As a condition precedent to Defendants' obligations under this Agreement, including the payment of monies, Plaintiff agrees that she will not pursue a collective action under the Fair Labor Standards Act or a class action under any other state or local law against Defendants or the Released Parties (as defined in this Agreement).

2. **Payment Terms and Consideration.**

In consideration for the promises in this Agreement, Guerrero Howe shall pay Plaintiff the gross amount of Nine Thousand and 00/100 Dollars ($9,000) (the "Settlement Payment") no later than fourteen (14) days after the last of the following conditions precedent are satisfied: (i) the Court approves this Agreement; (ii) the Court dismisses the Lawsuit without prejudice with each party responsible for their own fees and costs (other than those provided in this Agreement), which will become with prejudice seventeen (17) days after entry; and (iii) counsel for Parties receive a copy of this Agreement signed and dated by the opposing party. The Settlement Payment shall be apportioned and paid as follows:

(a)     Guerrero Howe shall cause to be paid to Plaintiff and the gross amount of Three Thousand, Two Hundred and Fifty Dollars ($3,250), less applicable tax and other withholdings and legally required deductions. The tax withholdings will be based on the IRS Form W-4 contained in Plaintiff's personnel file. Guerrero Howe will issue Plaintiff an IRS W-2 for this payment.

(b)     Guerrero Howe shall cause to be paid to Plaintiff the amount of Three Thousand, Two Hundred and Fifty Dollars ($3,250), which is payment for liquidated damages, penalties, interest and any other damages associated

1

with Plaintiff's claims in the Lawsuit. Guerrero Howe will issue an IRS Form 1099 to Plaintiff for this payment.

(c)    Guerrero Howe shall cause to be paid Two Thousand, Five Hundred Dollars ($2,500), for attorney fees and costs, by check made payable to Stephan Zouras, LLP. Guerrero Howe's receipt of an IRS Form W-9 completed and executed by Stephan Zouras, LLP is a condition precedent to this payment. Guerrero Howe will issue an IRS Form 1099 to you and Stephan Zouras, LLP reflecting this payment

The Parties agree that the Settlement Payment constitutes good, valid and sufficient consideration for this Agreement and Plaintiff agrees that, with the Settlement Payment, her claim(s) for compensation for all hours worked in accordance with federal and state wage laws has been fully satisfied, and that there are no unpaid wages or any other forms of compensation, damages, and/or penalties due to her from Defendants and the Released Parties (as defined in this Agreement). Plaintiff also agrees that the Settlement Payment satisfies any claims she has for attorneys' fees and costs incurred in this Lawsuit.

### 3.    Release and Covenant Not To Sue.

To the greatest extent permitted by law, Plaintiff agrees to release and covenants not to sue Defendants and the Released Parties (as defined in this Agreement), regarding all claims raised in the Lawsuit and all claims which could have been brought under the Fair Labor Standards Act, as amended, the Illinois Minimum Wage Law, as amended, the Illinois Wage Payment and Collection Act, the Chicago Minimum Wage Ordinance, as amended, and the Cook County Wage Theft Ordinance, and all other state, federal or local statutes, laws, regulations, ordinances, etc., or common law claims pertaining to wages, overtime pay, minimum wage pay, vacation pay, bonuses, commissions, benefits or any other compensation.

Plaintiff understands and agrees that she may not reinstate the Lawsuit or use as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants, this Agreement or the Settlement Payment, except in an action instituted by either party alleging a breach of this Agreement. Plaintiff promises and covenants that she will not file any lawsuit against Defendants or the Released Parties based upon any claim covered under the release contained in this Paragraph 3. Plaintiff further waives any right to any form of recovery, compensation or other remedy in any action brought on her behalf in another lawsuit, complaint, or charge relating to any claim covered under the release contained in this Paragraph 3.

Similarly, to the greatest extent permitted by law, Defendants agree to release and covenant not to sue Plaintiff regarding all claims of any type to date, known or unknown, suspected or unsuspected, Defendants may have against Plaintiff.

As used throughout this Agreement, "Plaintiff" includes Dominique DiVito and her agents, representatives, assigns, heirs, executors, beneficiaries, trustees.

As used throughout this Agreement, the term "Released Parties" means Guerrero Howe and any affiliated companies, including each of their parents, subsidiaries, divisions, partners, joint venturers, sister corporations, and, as intended third-party beneficiaries, each of their

predecessors, successors, heirs and assigns, and all of their past, present and future owners (including without limitation Pedro Guerrero), shareholders, directors, officers, attorneys, employees, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities, and anyone else acting for any of them.

### 4.    **Acknowledgement and Representations.**

Plaintiff acknowledges that the Settlement Payment constitutes more money, compensation, and/or benefits than she would otherwise be entitled to receive from Defendants. Plaintiff agrees that, with the Settlement Payment, Defendants fully compensated her for all wages, including minimum wage and overtime pay for each hour she worked for Defendants and for any other damages and liquidated damages to which she alleges that she is entitled, for claims asserted in this lawsuit.

If requested, Defendants agree to provide a neutral reference for Plaintiff's work at Guerrero Howe, setting forth basic information on her positions held and dates of employment.

Plaintiff, through her counsel, Ryan Stephan and the attorneys at Stephan Zouras, LLP, represents and warrants that Plaintiff's counsel is currently not in contact with any current or former employee of Defendants, nor do they represent any current or former employee of Defendants.

### 5.    **Time to Consider This Agreement.**

Plaintiff understands that she has been given time to consider and sign this Agreement, and she acknowledges and agrees that this consideration period has been reasonable and adequate.

### 6.    **Taxation.**

Plaintiff agrees that she alone is responsible for payment of any federal, state and/or local taxes or other assessments regarding the Settlement Payment, except for the payroll taxes withheld from the portion of the Settlement Payment designated as wages. Plaintiff further agrees to indemnify Defendants from any liability against her by any taxing authority. Defendants are responsible for any employer portion of taxes owed.

### 7.    **Court Approval and Dismissal of Claims.**

Plaintiff will submit this Agreement to the Honorable Judge Edmond E. Chang for court approval, and Plaintiff will request dismissal of the Lawsuit without prejudice and each party to bear its own fees and costs, as provided in this Agreement.  The dismissal without prejudice will become with prejudice in seventeen (17) days from entry of the order, unless a party files a motion with the court solely for the purpose of enforcing the agreement.  Approval of this Agreement by the Court is a condition precedent to Defendants' obligations contained in this Agreement, including the payment of monies, attorneys' fees, costs, liquidated damages, penalties, and interest.  It is intended that this Agreement shall constitute full and final settlement of all claims alleged in the Lawsuit, and all other claims for unpaid wages, and the ultimate dismissal with prejudice shall be binding upon Plaintiff.  Plaintiff represents and warrants that

3

she does not presently have any claims that have been asserted in the Lawsuit or could have been asserted in the Lawsuit pending against Defendants or the Released Parties before any court, agency, arbitrator or other person/entity other than those identified herein.

8.  **Counterparts.**

This Agreement may be executed in one or more actual or facsimile or .pdf counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

9.  **No Publication.**

Except as may be necessary in response to lawful process of any judicial or adjudicative authority or otherwise allowed by law, Plaintiff or her attorneys will not publicize the settlement or court approval of the Lawsuit or the terms of this Agreement to any third-party, including past, present and future employees of Guerrero Howe or any representative of the media.  This Paragraph 9 does not apply to communications between a Plaintiff and her attorney and/or her paid tax preparer.

10.  **Medicare and Social Security.**

Plaintiff hereby warrants and represents that Plaintiff presently is not, nor have Plaintiff ever been enrolled in Medicare Part A or Part B or applied for such benefits, and that Plaintiff has no claim for Social Security Disability benefits nor is she appealing or re-filing for Social Security Disability benefits.  Plaintiff further warrants and represents that she did not incur any physical injuries or receive medical care arising from or related to any of the claims released by this Agreement. Plaintiff also warrants and represents that Medicare has not made any payments to or on her behalf, nor has she made any claims to Medicare for payments of any medical bills, invoices, fees or costs, arising from or related to any of the claims released by this Agreement. Plaintiff agrees to indemnify and hold Defendants and the Released Parties harmless from (a) any claims of, or rights of recovery by Medicare and/or persons or entities acting on behalf of Medicare as a result of any undisclosed prior payment or any future payment by Medicare for or on her behalf, and (b) all claims and demands for penalties based upon any failure to report the Settlement Payments, late reporting, or other alleged violation of Section 111 of the Medicare, Medicaid and SCHIP Extension Act that is based in whole or in part upon late, inaccurate, or inadequate information provided to Defendants by Plaintiff.  Plaintiff agrees to hold harmless Guerrero Howe and the Released Parties from and/or for any loss of Medicare benefits or Social Security benefits (including Social Security Disability) Plaintiff may sustain as a result of this Agreement.

11.  **Nonadmission.**

This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by Defendants or the Released Parties of any (i) liability or wrongdoing to Plaintiff, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement.  Defendants and the Released Parties specifically deny any liability or wrongdoing,

4

and Plaintiff agrees that she will not state, suggest or imply the contrary to anyone, either directly or indirectly, whether through counsel or otherwise.

**12.**    **Right to Counsel.**

Plaintiff acknowledges that she has been advised by competent legal counsel of her own choosing, Ryan Stephan of Stephan Zouras, LLP, in connection with the review and execution of this Release and that she had an opportunity to, and did, negotiate over the terms of this Agreement.

**13.**    **Plaintiff's Acknowledgment.**

Plaintiff declares that she has completely read this Agreement and acknowledges that it is written in a manner calculated to be understood by her.  Plaintiff fully understands its terms and content, including the rights and obligations hereunder, and freely, voluntarily, without coercion enters into this Agreement.  Further, Plaintiff agrees and acknowledges that she has had sufficient time and full opportunity to investigate all matters pertaining to her claims in this Lawsuit and that the waiver and release of those rights or claims they may have under any local, state or federal law is knowing and voluntary.

**14.**    **Non-Assignment.**

Plaintiff expressly promises Defendants and the Released Parties that she has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against the Released Parties; (b) any rights that she may have had to assert claims on each of her behalf or on behalf of others against the Released Parties; and (c) any right she has or may have to the Settlement Payment.  Plaintiff promises that any monies, benefits or other consideration that she receives from Defendants are not subject to any liens, garnishments, mortgages or other charges, and no one else has any claim to any portion of the Settlement Payments.

**15.**    **Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, the Parties agree that the remaining portions shall not be affected and shall be given full force and effect.

**16.**    **Illinois Law.**

This Agreement shall be governed and construed in accordance with the laws of the State of Illinois.

**17.**    **Entire Agreement.**

This Agreement contains the entire agreement of the parties with respect to the Lawsuit and any other claims for unpaid wages or statutes, laws or ordinances relating to unpaid wages. It may not be changed orally but only by an agreement in writing signed by all the parties hereto.

5

DOMINIQUE DIVITO                    GUERRERO HOWE CUSTOM MEDIA

DocuSigned by:

*Dominique Divito*

1680424A76E242B...                  By:_____


                                    Its:_____


Date: 1/24/2017                     Date:_____



                                    PEDRO GUERRERO


                                    _____


                                    Date:_____



                                                                    6

DOMINIQUE DIVITO

GUERRERO HOWE CUSTOM MEDIA

By: _____

Its:_____

Date:_____

Date:_____ 1/24/17 _____


PEDRO GUERRERO

_____

Date:_____ 1/24/17 _____